**Jessica Pantoja PEREZ, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 00–70112.**

**IN & S No. A70–196–989.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 12, 2001 *.

Decided Oct. 17, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Federal Rules of Appellate Procedure 34(a)(2).

**715**

Before BRUNETTI, RYMER, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Jessica Pantoja Perez, a native and citizen of the Philippines, petitions for review of a final decision of the Board of Immigration Appeals ("BIA") which 1) dismissed her appeal of an immigration judge's denial of her application for asylum and withholding of deportation, and 2) denied her motion to reopen to apply for suspension of deportation. Pursuant to the Illegal Immigration Reform and Immigration Responsibility Act of 1996 ("IIRIRA"), the transitional rules apply, *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), and we therefore have jurisdiction under 8 U.S.C. § 1105a(a), as amended by IIRIRA § 309(c), *Avetova–Elisseva v. INS*, 213 F.3d 1192, 1195 n. 4 (9th Cir.2000). We review for substantial evidence whether an asylum applicant has proved a well-founded fear of persecution. *Aruta v. INS*, 80 F.3d 1389, 1393 (9th Cir.1996). We deny the petition for review.

Perez contends that substantial evidence does not support the BIA's finding that she did not suffer persecution on account of her political beliefs. We disagree. A review of the record does not compel a finding that Perez suffered persecution on account of her political beliefs. *Id.* at 1394–96. Perez never asserted an affirmative political opinion or made a conscious and deliberate choice to stay neutral, and there is no evidence that the NPA imputed any political opinion on her. Perez was recruited to join the NPA by two classmates at the university, who threatened her once. Thereafter, when Perez declined to give them a final answer, she was left alone, and had no further problems with the NPA. This does not constitute persecution on account of political opinion under the statute. *Sangha v. INS*, 103 F.3d 1482, 1487–89 (9th Cir.1997); *cf. Borja v. INS*, 175 F.3d 732 (9th Cir.1999). Because Perez failed to establish eligibility for asylum, she necessarily failed to meet the more stringent requirement for withholding of deportation. *Fisher v. INS*, 79 F.3d 955, 961 (9th Cir.1996) (*en banc*).

Perez contends that she is eligible for suspension of deportation and challenges the BIA's decision that the "stop-time rule"—a new continuous physical presence requirement set forth in IIRIRA—bars such relief in her case. Perez's arguments challenging the application of the stop-time rule are foreclosed by our recent decision in *Ram v. INS*, 243 F.3d 510, 518 (9th Cir.2001).

We do not consider Perez's eligibility, if any, for relief under the class action pending in the district court in accordance with *Barahona–Gomez v. Reno*, 167 F.3d 1228 (9th Cir.1999), *supplemental opinion*, 236 F.3d 1115 (9th Cir.2001). Our resolution

716

of this case does not affect any interim or permanent relief awarded to members of the class certified in *Barahona–Gomez* .

PETITION FOR REVIEW DENIED.

---

* Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as may be provided by Ninth Circuit Rule 36–3.